IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOODY NATIONAL CI GRAPEVINE S., L.P., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-19-0711 |
| TIC TEXAS TWO 23, L.L.C., *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Strike Nine of Defendants' Affirmative Defenses ("Motion to Strike") [Doc. # 52]. Defendants[1] filed an Opposition [Doc. # 53], and Plaintiffs[2] filed a Reply [Doc. # 54]. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Strike, but requires Defendants to file an Amended Answer in accordance with this Memorandum.

---

[1] Defendants are TIC Texas Two 21, L.L.C.; TIC Texas Two 22, L.L.C.; James D. Vigue; Carol Chua-Vigue; TIC Texas Two 23, L.L.C.; David A. Hardenbrook; TIC Texas Two 27 L.L.C.; and Pamela J. Maas.

[2] Plaintiffs are Moody National CI Grapevine S, L.P.; Moody National Medical Center S, L.P.; Moody National Medical Center MT, L.P.; Moody National Realty Company, L.P.; Moody National Mortgage Corporation; Moody National Texas Two Hotel DST Management, LLC; Brett C. Moody; Moody Management Corporation; Moody National Management, L.P.; MNGP Medical Center MT, LLC; MNGP CI Grapevine MT, LLC; Moody National CI Grapevine MT, L.P.; MNGP CI Grapevine S, LLC; Moody Realty Corporation; and MNGP Medical Center S, LLC.

## I. BACKGROUND

Plaintiffs allege that in the fall of 2006, Plaintiff Moody National CI Grapevine S, L.P. issued a confidential placement memorandum regarding two hotel properties, a Residence Inn in Houston and a Comfort Suites in Grapevine, Texas (the "Project"). *See* Second Amended Complaint [Doc. # 27], ¶ 25. In connection with the Project, some of the Plaintiffs signed contracts containing broad arbitration provisions.

In August 2010, the Project's original tenants-in-common structure was converted to a Delaware Statutory Trust ("DST").

Plaintiffs allege that there were "continuing revenue generation problems with the Project," which led to the sale of the Project to MN TX II, LLC, an affiliate of the DST's trustee. In connection with the potential sale, certain Plaintiffs and all Defendants except TIC Texas Two 21, L.L.C. entered into a Mutual Release by which they released all claims and actions relating to the Project.

On February 27, 2019, Plaintiffs filed this lawsuit, asserting the Mutual Release as a basis to enjoin an arbitration proceeding instituted by Defendants on February 1, 2019. Plaintiffs also assert breach of contract claims based on the Mutual Release.

The Court determined that the enforceability of the Mutual Release was an issue that required early resolution. The Court, with input from counsel, entered a schedule

for discovery, motions, and mediation on that issue. *See* Hearing Minutes and Order [Doc. # 50]. Motions for summary judgment on the issue are due December 18, 2019.

On September 4, 2019, Defendants filed their Original Answer Regarding Enforceability of Plaintiffs' Purported Release ("Answer") [Doc. # 51]. In the Answer, Defendants assert eleven affirmative defenses. *See id.*, ¶¶ 40-50. Plaintiffs filed a Motion to Strike nine of those defenses. The Motion to Strike has been fully briefed and is now ripe for decision.

## II.     **<u>APPLICABLE LEGAL STANDARD</u>**

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . .." FED. R. CIV. P. (8)(c)(1). "A defendant must plead with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (quotations and citations omitted). "The 'fair notice' pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotations and citation omitted).

Plaintiffs move pursuant to Rule 12(f) for an order striking nine of Defendants affirmative defenses. Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

FED. R. CIV. P. 12(f). "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.,* 275 F .Supp.2d 763, 767 (N.D. Tex. 2002) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962)). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

## III. ANALYSIS

Plaintiffs move to strike the affirmative defenses of: (1) failure of consideration; (2) estoppel; (3) failure to mitigate damages; (4) unclean hands, waiver and laches; (5) fraud; (6) duress; and (7) illegality. In the Opposition, Defendants reference, and incorporate, the factual allegations in their Motion to Dismiss [Doc. # 32]. Additionally, Defendants explain more fully the basis for their affirmative defenses. With the clarification from the Opposition, the affirmative defenses provide fair notice.

Plaintiffs are correct, however, that they should not be required to gather allegations from multiple documents. Therefore, the Court will require Defendants to file an Amended Answer that contains the factual allegations that provide the basis for each affirmative defense. Defendants are encouraged to omit any affirmative defenses they no longer wish to pursue or that are no longer warranted.

## IV. CONCLUSION AND ORDER

As supplemented by the Opposition and the Motion to Dismiss [Doc. # 32], Defendants have adequately asserted the challenged affirmative defenses, giving Plaintiffs fair notice of the defenses being advanced. Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Strike [Doc. # 52] is **DENIED**. It is further

**ORDERED** that by **November 12, 2019**, Defendants shall file an Amended Answer that sets forth the factual allegations – from the Opposition and the prior Motion to Dismiss – as to each affirmative defense.

SIGNED at Houston, Texas, this **30th** day of **October, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE